IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    Plaintiff, | No. 2:15-cr-00095 |
| vs. | JUDGE GRAHAM |
| **ABDIRAHMAN SHEIK MOHAMUD,**<br>a/k/a "Ayanle,"<br>    Defendant. | |

### UNOPPOSED RESPONSE TO MOTION TO OBTAIN COPY OF TRANSCRIPT

**I.    FACTS**

On November 7, 2016, Gabrielle Banks, moved this Court to unseal all transcripts. (Doc.No. 92). A Gabrielle Banks is listed as a reporter for the *Houston Chronicle* and the movant's address is the business office of the *Houston Chronicle*. The Government opposes this motion because the movant has no standing and neither a legal basis nor a showing of good cause exists to justify any unsealing.

**II.    LAW AND ARGUMENT**

Movant Gabrielle Banks motion merely states, "[w]e request all transcripts be unsealed and be made part of the public record." No other reasoning or law is cited to support this request. The motion should be denied.

**A.  Movant has no standing.**

Standing "requires the litigant to prove that he has suffered a concrete and particularized

1

injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry,* ––– U.S. ––––, 133 S.Ct. 2652, 2661, 186 L.Ed.2d 768 (2013). Mootness is standing in the context of time, requiring that "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout [the litigation's] existence." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997).

In this case, the moving party is not a litigant, has not asserted her stake in the matter and has no personal interest.   Thus, the moving party has no standing and her motion should be denied.

**B.  No Good Cause has been cited for the requested action.**

S.D. Ohio Civ.R. 7.2(a)(1) requires motions to include a statement of the grounds and citations to the authorities relied upon. No grounds or authority have been cited by the movant, and thus, her motion should be denied.

**C. No implied legal basis for unsealing has been shown.**

Even if First Amendment rights to access are implied, they are not persuasive regarding the unsealing any matter or document, including transcripts, which may be under seal. Under the First Amendment, the public and the press enjoy a right of access to criminal trials. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). As the Supreme Court noted in *Richmond Newspapers,* the First Amendment right of access to criminal proceedings is grounded generally in a "purpose of assuring freedom of communication on matters relating to the functioning of government." 448 U.S. at 575, 100 S.Ct. 2814; *see also Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 604, 102 S.Ct. 2613, 73 L.Ed.2d 248

(1982) ("Underlying the First Amendment right of access to criminal trials is the common understanding that a major purpose of that Amendment was to protect the free discussion of governmental affairs."). This right is not limited to the trial itself but can apply to other criminal proceedings and records. *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) (*Press Enterprise II* ). The Supreme Court has announced that the right applies to a particular criminal proceeding if (1) that proceeding has "historically been open to the press and the general public" and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Id.* at 8, 106 S.Ct. 2735. If a proceeding passes this "experience and logic" test, a qualified right of access attaches to it. Under a qualified right, sealing is appropriate if it is "essential to preserve higher values" and is "narrowly tailored" to serve such ends. *Id.* at 9, 106 S.Ct. 2735.

Courts have relied on these considerations to evaluate the First Amendment right of access to various aspects of the criminal prosecution process, including, for example, preliminary hearings, *voir dire* examinations of prospective jurors, plea hearings, suppression hearings, and sentencing proceedings. *See id.* (preliminary hearings); *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (*Press Enterprise I* ) (*voir dire* ); *In re: Washington Post Co.,* 807 F.2d 383 (4th Cir.1986), (plea and suppression hearings); *In re: Hearst Newspapers, L.L.C.,* 641 F.3d 168 (5th Cir.2011) (sentencing). "The interest [justifying closure] is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Interprise I* at 510/

The Sixth Circuit has applied *Richmond Newspapers* and the *Press–Enterprise* cases to judicial records. *See In re Search of Fair Fin.,* 692 F.3d 424, 429 (6th Cir.2012) ("This right is

3

not limited to the trial itself but can apply to other criminal proceedings and records."); *United States v. Miami Univ.,* 294 F.3d 797, 821 (6th Cir.2002); *United States v. DeJournett*, 817 F.3d 479, (6th Cir.2016).

No legal basis, nor any good cause, has been shown for the unsealing of any matter or document which may have been sealed. For this reason, her motion should be denied.

### III. CONCLUSION

Based upon the foregoing reasons, the United States of America respectfully requests that this Court deny the non-party's Motion to Obtain Copy of Transcript.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY
SOURTHERN DISTRICT OF OHIO

s/Douglas W. Squires
DOUGLAS W. SQUIRES (0073524)
Assistant United States Attorney
Southern District of Ohio

s/Jessica H. Kim
JESSICA H. KIM (0087831)
Assistant United States Attorney
Southern District of Ohio

s/Lolita Lukose
LOLITA LUKOSE
Trial Attorney
Counterterrorism Section
United States Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically this 18th day of November, 2016, on opposing counsel.

    s/ Douglas W. Squires
    DOUGLAS W. SQUIRES
    Assistant U.S. Attorney
    Southern District of Ohio