**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:15-CR-95 |
| v. | : | JUDGE GRAHAM |
| ABDIRAHMAN SHEIK MOHAMUD,<br>    a.k.a. AYANLE | : | |
| | : | |
| Defendant. | : | |
| | : | |

**SENTENCING MEMORANDUM OF DEFENDANT**

Defendant Abdirahman Sheik Mohamud, through undersigned counsel, respectfully submits the following Sentencing Memorandum for the Court's consideration.

                                                        Respectfully submitted,

                                                        **/s/ Samuel H. Shamansky**
                                                        SAMUEL H. SHAMANSKY CO., L.P.A
                                                        Samuel H. Shamansky (0030772)
                                                        Donald L. Regensburger (0086958)
                                                        523 South Third Street
                                                        Columbus, Ohio 43215
                                                        T: (614) 242-3939
                                                         F: (614) 242-3999
                                                         shamanskyco@gmail.com

                                                         Counsel for Defendant

## MEMORANDUM

Defendant has no objection to the factual and procedural background of the case as set forth in the Presentence Investigation Report. He does, however, submit that the sentencing recommendation contained therein is unreasonable in light of the factors delineated under 18 U.S.C. § 3553, *et seq.* Defendant respectfully urges the Court to consider those factors in determining a reasonable sentence.

### The United States Sentencing Guidelines after *Booker v. United States*; Application of 18 U.S.C. 3553

The United States Supreme Court has held that the United States Sentencing Guidelines are advisory in criminal sentencing, and has directed trial courts to impose sentences that are "reasonable" under the standards set forth in 18 U.S.C. § 3553. *Booker v. United States*, 543 U.S. 220 (2005). In the case *sub judice*, four considerations may warrant imposition of a prison term less than the guideline recommendation in this case: (1) the nature and circumstances of the offense, (2) Defendant's history and personal characteristics, (3) the need for the sentence imposed to reflect the seriousness of the crime and to provide just punishment for the offense, and (4) the need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from future crimes committed by the defendant.

### Nature and Circumstances of the Offense; Defendant's History and Personal Characteristics - § 3553(a)(1)

As set forth in the Presentence Investigation Report , Abdirahman S. Mohamud was born in Somalia in 1991. In 1993, his family immigrated to the United States, where he became a naturalized citizen on February 18, 2014. Defendant's father was absent during his formative years. However, his mother was caring and loving, and provided both Mr. Mohamud and his siblings with a safe and stable home environment. One of four children, Defendant enjoyed the

love and support of a close-knit family. He was taught from a young age to share the values of the United States and to have pride in his adoptive nation. His mother instilled values of honesty and respect, and attempted to provide each of her children with the best education available. As a result of her efforts, Defendant's older brother, Aden, graduated from the Ohio State University, while his sister Ijabo is currently enrolled in undergraduate classes and his brother is in high school.

Throughout his childhood, Mr. Mohamud relied on his older brother Aden for advice, and followed his example as a role model. When Aden expressed a desire to travel to Syria to fight against Assad, Defendant began to absorb his older brother's radical ideology. When Aden left for Syria in May of 2013, Defendant continued to have contact with him through online communications. These conversations, and those that took place before Aden left, had a great influence on Mr. Mohamud, and were a primary force in his own radicalization and decision to travel to Syria. Additionally, Defendant acknowledges that he provided $1,000.00 and an iPad to his brother, knowing that they would be used to support terrorist activities in Syria.

Despite his assistance to Aden, Mr. Mohamud never considered the idea of engaging in terrorism against the United States prior to April of 2014. However, during his travels in Turkey and Syria, Defendant had extensive contact with his brother's associates, who furthered his indoctrination and radicalization. These individuals saw an opportunity in Defendant's citizenship and fluency in English, and specifically groomed him as a candidate to conduct terrorist activities against the United States. Mr. Mohamud became even more susceptible to this radicalization when he learned of his brother's death in early June of 2014.

Mr. Mohamud believes it is important for the Court to understand that he did, in fact, become fully radicalized while in Syria. He came to believe that it was his responsibility and

purpose, given his position and upbringing, to continue the fight within the United States. When he returned home in June of 2014, he recruited individuals to assist in terrorist activities against the United States and participated in conduct set forth in the Presentence Report.

In the subsequent months, Mr. Mohamud had an opportunity to reflect upon his conduct and the beliefs he had formed over the previous year. As time progressed, Defendant realized the immoral and illegal nature of terrorist ideology. He rejected the radical notions he had previously embraced and had completely abandoned any plans to engage in terrorism by the end of November of 2014.

Defendant acknowledges that his change of heart does not alter the fact that he engaged in extremely dangerous criminal conduct. Moreover, as he reflects upon his own transformation from a normal teenager to a radicalized terrorist, Defendant regrets his own part in radicalizing others. He has finally come to realize that, regardless of how far-fetched and rudimentary his planned activities in the United States might have been, he propagated the seed of terrorism and was directly responsible for encouraging others to violence, and for this he is deeply and profoundly remorseful.

**Need for the Sentence to Reflect the Seriousness of the Crime, Promote Respect for the Law, and to Provide Just Punishment - § 3553(a)(2)(A)**

Defendant admits that he engaged in extremely dangerous behavior and helped perpetuate a cycle of violence. He also admits that his conduct could have easily resulted in additional violence and death, or encouraged more terrorist activity in the United States. Defendant is extremely thankful that he had the self-awareness to recognize his own radicalization and abandon terrorist activity.

Mr. Mohamud acknowledges that this abandonment does not and cannot erase the harm and potential harm that he has caused. Certainly, he has played a part in radicalizing other

4

individuals in the United States, and Defendant hopes that his acceptance of responsibility will lessen the impact of that conduct and discourage further terrorist activities.

Mr. Mohamud urges the Court to consider his rejection of terrorist ideology as it fashions a sentence that promotes respect for the law. His conduct was unquestionably serious and had the potential to cause a great deal of harm to many people. However, Defendant's post-arrest behavior demonstrates his respect for the law and will send a powerful message to those individuals inclined to engage in acts of terrorism.

The Court has many options when imposing its sentence in this case. Obviously, one of those options is prolonged incarceration. However, Defendant respectfully submits that a lengthy term of incarceration is not necessary to promote respect for the law, particularly under the unique circumstances of this case. In making this argument, Defendant does not intend to minimize his conduct. Mr. Mohamud wishes the Court to understand that, by late November of 2014, he came to realize how dangerous and morally reprehensible his conduct had become and abandoned all unlawful activities. This self-awareness, coupled with a willingness to change, differentiates Mr. Mohamud from a typical offender, and demonstrates the likelihood of his return to a law-abiding lifestyle.

**Need for a Sentence Imposed to Deter Crime and Protect the Public
from Further Crimes by Defendant - § 3553(a)(2)(B) & (C)**

Given his behavior after late November of 2014, Defendant submits that a prison term, though appropriate with regards to punishment, is unnecessary to discourage him from future crimes. Mr. Mohamud already appreciates the seriousness of his conduct and feels nothing but remorse for his willingness to embrace a violent and dangerous ideology. This self-awareness will ensure that Defendant never again poses a threat of danger to others, or to the United States.

Mr. Mohamud cannot speculate, however, as to whether or not a lengthy prison sentence

will help deter others from engaging in terrorism in the future. Given the mentality of such individuals, it is certainly possible that the sentence imposed in this case will have no impact whatsoever on their behavior. However, Defendant admits that the alternative is also true -- it could have a possible deterrent value. Mr. Mohamud merely requests that the Court consider the speculative nature of this factor when determining an appropriate sentence in this matter.

## CONCLUSION

Defendant openly admits that period of incarceration is appropriate in this matter. His conduct was of a most serious nature and created the danger of additional terrorist attacks in the future. However, a prolonged sentence will not reflect the profound changes that Defendant experienced prior to arrest, his abandonment of terrorist ideology, or the specific circumstances of this case. Mr. Mohamud admits that he allowed himself to be radicalized and provided assistance to his brother, knowing that he was helping further a terrorist agenda. Defendant deeply regrets his conduct and the part he played in perpetuating violence and terror within the United States. Accordingly, based on the foregoing factual and legal analysis, Mr. Mohamud respectfully requests that the Court balance these competing factors and fashion a reasonable sentence as contemplated by 18 U.S.C. § 3553.

Respectfully submitted,

**/s/ Samuel H. Shamansky**
SAMUEL H. SHAMANSKY CO., L.P.A
Samuel H. Shamansky (0030772)
Donald L. Regensburger (0086958)
523 South Third Street
Columbus, Ohio 43215
T: (614) 242-3939
F: (614) 242-3999
shamanskyco@gmail.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of the filing to Assistant U.S. Attorney, Douglas W. Squires, 303 Marconi Boulevard, Suite 200, Columbus, Ohio 43215 on August 14, 2017.

                                            **/s/ Samuel H. Shamansky**
                                            SAMUEL H. SHAMANSKY